# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Philip James Layfield,

Petitioner,

v.

Mark Guttierez, et al.,

Respondents.

No. CV-25-00680-TUC-AMM (JEM)

**ORDER**

On April 22, 2026, Magistrate Judge James E. Marner issued a Report and Recommendation ("R&R") recommending this Court deny self-represented Petitioner Philip James Layfield's Motion for Entry of Partial Final Judgment. (Doc. 35.) Petitioner objected to the R&R on May 4, 2026, and Respondent responded on May 19, 2026. (Docs. 44–45.) For the reasons discussed herein, the Court will overrule the objections and adopt the R&R.

## I.      Legal Standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court considers de novo only objections which are "specific" to the proposed findings and recommendations. *See* Fed. R. Civ. P. 72(b)(2)–(3). The Court reviews portions of the R&R that are not objected to for clear error. *See Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the

magistrate judge. § 636(b)(1)(C).

## II.    Procedural and Factual Background

On December 8, 2025, Petitioner filed *inter alia* a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and a Motion for Temporary Restraining Order ("TRO"). (Docs. 1–2.) In a January 16, 2026 Order, the Court denied the Motion for TRO, dismissed Grounds One and Five of the Petition without prejudice, and ordered Respondent Guttierez to answer the remainder of the Petition. (Doc. 14.) On January 22, 2026, Petitioner moved the Court to reconsider its January 16, 2026 Order. (Doc. 17.) Petitioner filed two additional Motions for Reconsideration on January 27, 2026. (Docs. 20–21.) The Court considered these motions and denied them in a February 2, 2026 Order. (Doc. 22.)

Petitioner's present motion seeks the Court enter partial final judgment on Ground One under Federal Rule of Civil Procedure 54(b) so that he may seek appellate review. (Doc. 27.) Specifically, Petitioner argues that the Court's Orders dismissing Ground One of his Petition under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and denying reconsideration resolved that claim on legal grounds in its entirety. (*Id.* at 1–3, 5.) Petitioner argues Ground One is a distinct challenge to the legality of the Bureau of Prison's ("BOP") CARES Act home-confinement policy and further contends the Court erred by finding the claim unreviewable under the CARES Act and by failing to apply limits on deference established in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). (*Id.* at 2–5.) According to Petitioner, immediate appeal will resolve threshold questions about CARES Act reviewability without risking duplicative appeals, promote judicial efficiency by clarifying the governing legal framework for the remaining grounds, and advance equitable interests. (*Id.* at 3–10.)

In the R&R, the Magistrate Judge recommends denying Petitioner's motion finding his Petition asserts a single claim challenging the BOP's execution of his sentence. (Doc. 35 at 1, 3–5.) In so finding, the Magistrate Judge concludes that a Rule 54(b) certification would improperly produce piecemeal litigation and Petitioner's bare assertion of prejudice is insufficient to show the "unusual case" necessary for certification. (*Id.* at 4–5.)

Defendant objects to the R&R asserting the Magistrate Judge erred in finding Ground One was part of a single claim raised in the Petition and that the Magistrate misapplied Rule 54(b) by treating the risk of piecemeal litigation as dispositive and discounting the equitable considerations. (*Id.* at 16–18, 24–28, 38–41, 60–62, 76–83.) He further argues an over-detention because proper crediting would allegedly yield an April 3, 2026 release date. (*Id.* at 17–18, 22–23, 60, 85.)

### III.    Discussion

To begin with, the Court finds Petitioner's 91-page Objection improperly exceeds the Local Rule's 10-page limit and substantially reiterates his prior argument. *See* LRCiv 7.2(e)(3); *see also* Fed. R. Civ. P. 72(b)(2) (requiring objections be "specific [and] written"); *Dunlap v. Shinn*, No. CV-21-00314-TUC-RCC, 2023 WL 4269634, at *2 (D. Ariz. June 29, 2023) ("Any written objections to a report and recommendation 'are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge.'" (quoting *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004))).

That said, upon a de novo review of the objected to portions of the R&R, the Court finds the Magistrate Judge's recommendation is supported by the facts and legal authority. "To determine whether Rule 54(b) certification is appropriate, the district court 'must first determine that it is dealing with a final judgment.'" *Stanley v. Cullen*, 633 F.3d 852, 864 (9th Cir. 2011) (citing *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)) (internal quotation marks omitted). "It then 'must go on to determine whether there is any just reason for delay.'" *Id.* (citing *Curtiss–Wright Corp.*, 446 U.S. at 8). The Ninth Circuit has "instructed that the important Rule 54(b) question in habeas cases is whether a judgment resolves 'all of the alleged constitutional infirmities arising from the relevant set of operative facts.'" *Id.* at 865 (citing *Blazak v. Ricketts*, 971 F.2d 1408, 1413 (9th Cir. 1992)).

Here, Petitioner raises a single claim for relief – that the BOP erred in executing his sentence, resulting in his unlawful detention. While the Court dismissed Ground One of

the Petition, the remaining Grounds all concern the same confinement-related operative facts, and the relief Petitioner seeks remains pending before this Court. *See Blazak*, 971 F.2d at 1410 (holding the order was a final appealable judgment because it "disposed of all the conviction related claims and . . . granted all the relief requested"). To the extent Ground One could be considered legally distinct, the Court finds there is "just reason for delay" when balancing the "judicial administrative interests as well as the equities involved." *See Curtiss-Wright Corp.*, 446 U.S. at 8. When considering the judicial interests, certifying Ground One for appeal at this time would result in "piecemeal" and "time-consuming" litigation that may become moot if the Petition is granted on another ground. *See Bermudez v. Smith*, 797 F.2d 108, 109–10 (2d Cir. 1986). Further, this litigation has been pending for less than eight months, and the Petition is now ripe for disposition. As such, Ground One is not appropriate for final judgment under Rule 54(b). The Court will overrule Petitioner's objections and adopt the R&R.

## IV.    Conclusion

The Court has reviewed the Magistrate Judge's R&R (Doc. 35), Petitioner's objections (Doc. 44), Respondent's Response (Doc. 45), Petitioner's Motion for entry of Patrial Final Judgment (Doc. 27), Respondent's Response (Doc. 28), and the record. Upon a de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court will adopt the R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 35.)

**IT IS FURTHER ORDERED** that Petitioner's Motion for Entry of Partial Final Judgment is **DENIED**. (Doc. 27.)

Dated this 2nd day of July, 2026.

Honorable Angela M. Martinez
United States District Judge

- 4 -